1

2

3

4

5                    **IN THE UNITED STATES DISTRICT COURT**

6                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8   CARLOS FLORES RODRIGUEZ,                    1:06-CV-01580 OWW TAG
    an individual,
9
                              Plaintiff,
10                                             FINDINGS AND RECOMMENDATIONS
             vs.                               TO GRANT MOTION FOR REMAND
11                                             AND REQUEST FOR ATTORNEY'S FEES

12  HALL AMBULANCE, an unknown entity,          (Docs.  4, 9, 10)
    JAMES RUSSELL TOLLISON, an individual,
13  BRUCE JAMISON, an individual, EDWARD J.
    HENNESSY, an individual, HENNESSY,
14  GARDNER & BARTH, an unknown entity,
    and DOES 1 through 100, inclusive,
15
                              Defendants.
16  _____/

17                              **INTRODUCTION**

18          Plaintiff, Carlos Flores Rodriguez ("Plaintiff"), joined by Defendants Hall Ambulance

19  Service, Inc.[1] ("Hall Ambulance"), and one of Hall Ambulance's drivers, James Russell Tollison

20  ("Tollison"), seek to remand, pursuant to 28 U.S.C. § 1447 and Federal Rule of Civil Procedure

21  81(c), Plaintiff's state-court complaint that Defendants Bruce Jamison, Edward J. Hennessy, and

22  Hennessy, Gardner & Barth ("the Texas Defendants" except where otherwise identified) removed to

23  this Court.  (Docs. 1-1, 4, 9, 10).  Plaintiff's complaint alleged negligence against Hall Ambulance

24  and Tollison and fraud and related wrongdoings related to the contract entered into between Plaintiff

25  and the Texas Defendants, who were his former attorneys.  (Doc. 1-1, Exh. A, Compl.).

26  _____

27          [1] Plaintiff erroneously sued Hall Ambulance, instead of Hall Ambulance Service, Inc.  (Doc. 10, 2:5).

28                                      1

1    On January 8, 2007, the matter came on regularly for hearing before Magistrate Judge

2   Theresa A. Goldner.  Plaintiff's attorney, Brian A. Osborne, and the attorney for Defendants Hall

3   Ambulance and Tollison, Jenifer L. Kienle, appeared telephonically.  There were no appearances by

4   or on behalf of the Texas Defendants.

5                                    **BACKGROUND**

6   **The Parties**

7    Plaintiff is an individual and a resident of Bakersfield, California.  (Doc. 1-1, Exh. A, 2:4-7,

8   Compl.).  Defendant Hall Ambulance is a California corporation, with its principal place of business

9   in Bakersfield, California.  (Doc. 1-1, Exh. A, Compl., 2:9-11); Doc. 9, 3:6-10; Doc. 10, 3:22-23).

10  Defendant Tollison is an individual and a resident of Bakersfield, California.  (Doc. 1-1, Exh. A,

11  Compl, 2:12-14; Doc. 9,3:5-6; Doc. 10, 3:24-25).  Defendant Jamison is a Texas attorney who

12  resides in Texas and Colorado.  (Doc. 1-1, 3:3; Compl., 2:16-19).  Defendant Hennessy is a Texas

13  attorney, and a partner in the Houston, Texas law firm of Hennessy, Gardner & Barth (Doc. 1-1, 3:4-

14  5; Compl., 2:20-26).

15  **Facts**[2]

16   On February 17, 2006, at approximately 10:00 p.m., Tollison, while driving a Hall

17  Ambulance, struck the plaintiff and two other pedestrians on a sidewalk in Lamont, California, after

18  he collided with another vehicle.  Plaintiff and one of the pedestrians suffered severe injuries; the

19  other pedestrian died as a result of the accident.  Soon after the accident, Jamison approached

20  Plaintiff, the injured pedestrian, and the decedent's family, each of whom agreed to have Jamison

21  represent them in their claims against Tollison and Hall Ambulance.  Jamison had Plaintiff execute a

22  Texas retainer agreement, which allegedly did not conform with California law.  The other Texas

23  defendants associated themselves with Jamison.

24   On or about April 19, 2006, Plaintiff terminated his relationship with the Texas defendants

25  and sent them substitution of attorney forms.  The Texas defendants continued to assert their rights

26  _____

27      [2]  Except as otherwise indicated, these facts were derived from Plaintiff's state complaint.  (Doc. 1-1, Compl.).

28                                          2

1   to the 35% contingency fees set forth in the retainer, (see Doc. 1-1, 2:12-23), which prevented Hall

2   Ambulance's insurance company from engaging in settlement discussions with Plaintiff for his

3   personal injury claim.

4            On September 14, 2006, Plaintiff filed a complaint in the California Superior Court, Kern

5   County, alleging one cause of action for negligence against Defendants Hall Ambulance and

6   Tollison, for which he sought damages to be determined according to proof.  Plaintiff's complaint

7   raised five causes of action against the Texas defendants which related to their refusal to terminate

8   their representation of Plaintiff and rescind their rights to the contingency fees set forth in the

9   retainer agreement.  The causes of action against the Texas defendants allege: (1) fraud in the

10  inducement, (2) fraud in the execution, (3) rescission of contract, (4) reformation of contract, and

11  (5) intentional interference with prospective economic advantage.  Plaintiff sought general, punitive,

12  and exemplary damages, costs, and such other relief as the state court deemed just and proper with

13  respect to his claims against the Texas defendants.

14                                            **PROCEDURE**

15           On November 7, 2006, Defendant Jamison, with the consent of Defendants Hennessy and

16  Hennesy, Gardner and Barth ("HGB"), filed a removal notice of Plaintiff's state-court complaint to

17  this Court, pursuant to 28 U.S.C. § 1441(b).  (Doc. 1-1).  As their basis for removal, the Texas

18  Defendants asserted diversity of citizenship under 28 U.S.C. § 1332.  (Doc. 1-1, 2:7-26, 3:1-5).

19  Diversity jurisdiction was alleged notwithstanding the presence of two additional California

20  defendants – Hall Ambulance and Tollison – that would have destroyed such jurisdiction.  (Doc. 1-1,

21  3:6-10).  As their basis for so proceeding, the Texas defendants contended in their removal notice

22  that Plaintiff had fraudulently joined Hall Ambulance and Tollison to defeat removal based on

23  diversity jurisdiction.  (Doc. 1-1, 3:11- 13).  Specifically, the Texas Defendants asserted that

24  California law, upon which Plaintiff relies, prohibits the state court from adjudicating attorney liens

25  in an underlying action and, accordingly, the fraudulent joinder of Hall Ambulance and Tollison does

26  not defeat removal and thus it was not necessary for the Texas Defendants to obtain their consent to

27  removal.  (Doc.  1-1; 3:13-22).  The Texas defendants further contended that this action satisfied the

28                                                  3

1  $75,000 jurisdictional amount because the retainer agreement entitled them to 35% of the damages

2  that Plaintiff would recover in his negligence action against Hall Ambulance and Tollison, and

3  exceeded the minimum jurisdictional amount required under 28 U.S.C. § 1332.  (Doc. 1-1; 2:20-25).

4       Plaintiff filed a paper motion for remand under Federal Rule of Civil Procedure 81(c) and

5  28 U.S.C. § 1447, on November 27, 2006, which he re-filed electronically, pursuant to this Court's

6  instructions, on December 4, 2006.  (Docs. 4, 7, 9).  In his motion for remand, Plaintiff avers that the

7  state-court complaint could not be removed to this Court because there is a lack of complete

8  diversity given that Defendants Hall Ambulance and Tollison are residents of California.  (Doc. 9;

9  2:27-3:10).  Plaintiff further asserts that, because not all of the defendants consented to removal, as

10  required under 28 U.S.C. § 1446(b), the removal notice is procedurally defective.  (Doc. 9; 3:11-18).

11  Finally, Plaintiff contends that his primary cause of action is against Hall Ambulance and Tollison,

12  thus they were not fraudulently joined, and the Texas Defendants failed to prove  fraudulent joinder

13  or that the state court lacks jurisdiction over the claims against them. (Doc.  9; 3:20-28, 4:1-15).

14       On December 15, 2006, Defendants Hall Ambulance and Tollison filed a notice of joinder to

15  Plaintiff's motion for remand.  (Doc. 10-1).  Defendants Hall Ambulance and Tollison emphasize

16  that they were not served with the removal notice or contacted by the Texas Defendants and asked to

17  consent although they were named defendants in the state-court complaint.  Thus, they were entitled

18  to seek remand.  (Doc. 10-2; 3:14-15, 26-28; 4:7-16).

19       Defendant Jamison filed a response and memorandum in opposition to Plaintiff's motion to

20  remand and joinder by Defendants Hall Ambulance and Tollison ("opposition memorandum") on

21  December 22, 2006, with which Hennessy and HGB joined.  (Docs. 12, 13).  In the opposition

22  memorandum,  Jamison expanded on the arguments set forth in his removal notice.  (Doc. 12; see

23  Doc. 1-1).

## ANALYSIS

24

25  I.  Introduction

26       A complaint filed in a state court may be removed to a federal district court only if the action

27  could have been filed there originally.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482

28                                                           4

1   U.S. 386, 392 (1987); <u>Snow v. Ford Motor Company</u>, 561 F.2d 787, 789 (9th Cir. 1977).  Federal

2   district courts have original jurisdiction if a federal question is presented on the face of a well-

3   pleaded complaint.  <u>See</u> 28 U.S.C. § 1331; <u>Caterpillar, Inc.</u>, 482 U.S. at 392.  Absent federal

4   question jurisdiction, district courts have original jurisdiction over cases between citizens of

5   different, including foreign, states.  <u>See</u> 28 U.S.C. § 1332(a) (district court has original jurisdiction

6   over all civil actions involving diverse parties when the amount in controversy exceeds $75,000).

7   The defendant or defendants may remove a state-court action to the federal court based on diversity

8   jurisdiction provided that no defendant is a citizen of the state in which the action was brought.  <u>See</u>

9   <u>id.</u>, § 1441(a), (b).  The district court, however, must remand a case where diversity is absent if the

10  action does not raise a federal question.  <u>See</u> <u>id.</u>, § 1447(c).

11          A removing party has the burden of establishing that removal is proper, and courts resolve

12  doubts as to removability in favor of remand.  To defeat a motion for remand, a removing party

13  must prove by a preponderance of the evidence whatever is necessary to invoke federal court

14  jurisdiction, i.e., the existence of diversity or the federal nature of the claims.  <u>See</u> <u>Gaus v. Miles</u>,

15  980 F.2d 564, 566 (9th Cir. 1992); <u>see also</u> <u>Dodson v. Spiliada Mar. Corp.</u>, 951 F.2d 40, 42 (5th Cir.

16  1992) (holding that disputed questions of fact and all ambiguities in state law must be resolved in

17  favor of the non-removing party).

18          To determine removability, typically the court will look solely to a plaintiff's pleadings,

19  without recourse to the defendant's pleadings.  <u>See</u> <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313,

20  1318 (9th Cir. 1998).  However, in deciding a remand motion, the court  may evaluate removability

21  from the complaint and the removal notice.  If the complaint is uncertain, the court may consider the

22  entire record of the state-court proceedings. <u>Miller v. Grgurich</u>, 763 F.2d 372 (9th Cir. 1985).  In

23  addition, when evaluating diversity in the context of a fraudulent joinder claim, the Court may also

24  consider any affidavits or other evidence presented regarding fraudulent joinder. <u>See</u> <u>West America</u>

25  <u>Corporation v. Vaughan Basset Furniture</u>, 765 F.2d 932, 936, n. 6 (9th Cir. 1985). The courts strictly

26  construe the removal statute against removal jurisdiction. <u>See</u> <u>Gaus</u>, 980 F.2d at 566.  "Federal

27

28                                                          5

1   jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3]  Id.

2   II.  Magistrate Judge's Jurisdiction to Order Remand

3          The instant motion by Plaintiff, joined by Defendants Hall Ambulance and Tollison, seeks an

4   order remanding this matter back to Kern County Superior Court, pursuant to 28 U.S.C. § 1447.

5   Insofar as the motion was noticed for a hearing before a magistrate judge (Doc.  9), a preliminary

6   issue arises as to whether a remand order is dispositive in nature.

7          Courts that have addressed this issue agree that 28 U.S.C. § 1447 remand orders are

8   dispositive, and, therefore, magistrate judges should prepare findings and recommendations that are

9   subject to de novo district judge review.  See Vogel v. U.S. Office Prods., 258 F.3d 509 (6th Cir.

10  2001); In re U.S. Healthcare, 159 F.3d 142 (3rd Cir. 1998); Goodman v. Unumprovident Corp., 2006

11  WL 2354449, *1 at n.1 (D. Mont. Aug. 14, 2006).  In contrast, orders remanding removed actions

12  pursuant to other sections of Title 28 of the United State Code have been deemed nondispositive,

13  pretrial matters because they do not terminate the litigation.  See, e.g., Bearden v. PNS Stores, Inc.,

14  894 F. Supp. 1418, 1419 n.1 (D. Nev. 1995) (order granting a motion for remand under 28 U.S.C.

15  § 1445(c)).  In light of the foregoing, the undersigned shall proceed by way of findings and

16  recommendations.

17  III.     Diversity Jurisdiction.

18         Diversity jurisdiction requires that all parties to the action be citizens of different states, or

19  citizens or subjects of a foreign state, and the amount in controversy must exceed $75,000.

20  28 U.S.C. § 1332(a).  Any case that could have been commenced in federal court based on diversity

21  is removable from state court, unless any defendant is a citizen of the state where the state-court

22  action was filed. 28 U.S.C. § 1441(b); Spencer v. United States District Court for the Northern

23  District of California, 393 F.3d 867, 870 (9th Cir. 2004).

24

25         [3]  The federal court may remand an action due to a defect in the removal process if a motion to remand on that
    basis is filed within 30 days of the notice of removal.  See 28 U.S.C. § 1447(c).  One of the procedural requirements for
26  removal is that all of the defendants consent to the removal.  See 28 U.S.C. § 1446(b); Emrich v. Touch Ross & Co., 846
    F.2d 1190, 1193 n.1 (9th Cir. 1988); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  In the instant case,
27  defendants Hall Ambulance and Tollison were not contacted before the action was removed and, thus, did not consent to
    removal.  (Docs. 1-1; 10-2; 3:26-28, 4: 8-11, 6:25-27).

28
                                                         6

A. <u>Citizenship</u>.

In this case, removal was based on diversity.   Thus, the first step in assessing whether remand is proper in this case, is to evaluate the defendants' citizenship.  Citizenship depends on the nature of each defendant, i.e., whether the defendant is a natural person or an entity. In this case, Defendant Hall Ambulance is a  corporation, Defendant Hennesy, Gardner & Both ("HGB) is a law firm, and Defendants Tollison, Jamison, and Hennesy are natural persons.

1.  <u>Defendant Hall Ambulance is a citizen of California</u>.

A corporation is a citizen of both the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c). The complaint alleges that Defendant Hall Ambulance is an unknown entity with its principal place of business in Bakersfield, California. (Doc. 1-1, Exh. A, Compl., 2:9-11).  The removal notice alleges that Hall Ambulance is a "business organization qualified to do business in California."  (Doc. 1-1, 3: 6-8 ).  The  Texas Defendants' opposition memorandum alleges that Hall Ambulance is a California corporation (Doc. 12, 2:26; 2:1), and Defendants Hall Ambulance's and Tollison's joinder in the motion for remand includes a declaration of counsel that Hall Ambulance is a California corporation [Doc. 1-2,  6:21-22 (Declaration of Jennifer L. Kienle)].

If the Court were limited to considering the complaint and the removal notice, it would be obliged to find that the citizenship of Hall Ambulance is uncertain because neither of these pleadings allege that Hall Ambulance is a corporation, and no state-court records have been presented which would otherwise establish its corporate status.  However, in evaluating diversity in the context of a fraudulent joinder claim, the Court may consider not only the complaint, the removal notice, and the state-court proceedings; it may also consider any affidavits or other evidence presented regarding fraudulent joinder. <u>See</u>  <u>West America Corporation v. Vaughan Basset Furniture</u>, 765 F.2d 932, 936, n. 6 (9th Cir. 1985).  Based on the complaint, the removal notice, and the declaration of Hall Ambulance's counsel, the Court finds that Hall Ambulance is a  citizen of California.

2.  <u>Defendant HGB is a citizen of Texas</u>.

Defendant HGB is a Houston, Texas law firm.  Its precise organizational structure is unknown.  If  HGB is a corporation, it is a citizen of both its state of incorporation and its principal

7

place of business.  28 U.S.C. § 1332(c).  If HGB is a partnership, limited liability corporation, or unincorporated association, the Court must consider the citizenship of all of its members. Partnerships, limited liability corporations, and unincorporated associations are citizens of each state of which its members are citizens. Carded  Arkoma Associates, 494 U.S. 185, 195-196 (1990); Rockwell International Credit Corporation v. United States Aircraft Insurance Group, 823 F.2d 302, 304 (9th Cir. 1987) , overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); Cosgrove v. Bartolotta,150 F. 3d 729, 731 (7th Cir. 1998); GMAC Commercial Credit LLC v. Dillard Department Stores, Inc. 357 F. 3d 827, 829 (8th Cir. 2004) .

In this case, the complaint alleges merely that HGB is "an unknown entity practicing as a law firm in the City of Houston, State of Texas." (Doc. 1-1, Exh. A, Compl., 2:23-25 ).   The removal notice alleges on information and belief that HGB is a citizen and resident of the State of Texas (Doc. 1-2,  3:3-55).  The Texas Defendants' opposition memorandum contends that HGB is a citizen of Texas (Doc. 12, 1:24-26).  The only member of HGB identified in the pleadings is Defendant Hennesy, who is alleged to be a partner in HGB and a resident and citizen of Texas. (Doc. 1-1, Exh. A, Compl., 11: 25-26).  Based on the removal notice,  the Court finds that HGB is a citizen of Texas.

3.  Defendants James Russell Tollison is a citizen of California and defendants Bruce Jamison and Edward J. Hennesy are citizens of Texas.

The remaining defendants are natural persons Tollison, Jamison and Hennesy. For diversity purposes, a person is a citizen of the state in which he is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F. 2d 1088, 1090  (9th Cir. 1983).

(a) Defendant Tollison.

The complaint and the declaration of Defendant Tollison's counsel state that Tollison is a resident of Bakersfield, California.  (Doc. 1-1, Exh. A, Compl., 2:12-15; Doc. 10-2, Declaration of Jennifer L. Kienle, 5:23-24).  The removal notice alleges on information and belief that Tollison is a citizen and resident of the State of California.  (Doc. 1-1, 3:8-10).   The Texas Defendants' opposition memorandum alleges that Tollison is a citizen of California.  (Doc. 12, p. 2, line1).

///

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b) <u>Defendant Jamison</u>.

The complaint also alleges that Defendant Jamison is a Texas attorney who is "variously known to reside in both Texas and Colorado." (Doc. 1-1, Exh. A, Compl., 2:16-19).  The removal notice alleges that Jamison is a citizen and resident of the State of Texas.  (Doc. 1-1,  3:3). The Texas Defendants' opposition memorandum contends that Jamison is a citizen of Texas (Doc. 12: 1:25-26).

(c) <u>Defendant Hennesy</u>.

The complaint further alleges that Defendant  Hennesy is a Texas attorney "with his principal place of business" in Houston, Texas. (Doc. 1-1, Exh. A, Compl., 2:10-22).  The removal notice alleges on information and belief that Defendant Hennesy is a citizen and resident of the State of Texas. (Doc. 1-1, 3:3-5).  The Texas Defendants' opposition memorandum also alleges that Hennesy is a citizen of Texas.  (Doc.12, 1:24-26;  2:1).

Based on the removal notice and the declaration of counsel, the Court finds that Defendant Tollison is a citizen of California, and that Defendants Jamison and Hennesy are citizens of Texas.

B. <u>Amount in Controversy</u>.

In addition to establishing the existence of diversity, the Texas Defendants must also establish that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The complaint does not allege an amount in controversy, presumably due to state-court procedural rules that prohibit monetary demands in personal injury cases.  However, the removal notice alleges that the Texas Defendants' retainer agreement entitles them to recover more than $75,000 in fees based on the Plaintiff's anticipated recovery on the negligence claim.  (Doc. 1-1; 2:20-25).  Based on the removal notice, the Court finds that the amount in controversy exceeds $75,000.

C. <u>Hall Ambulance and Tollison are non-diverse defendants</u>.

A case cannot be removed for diversity if any  defendant is a citizen of the state where the action was filed. 28 U.S.C. § 1441(b).  Here, the state-court action was filed in California, and there is no dispute that Defendants Hall Ambulance and Tollison are citizens of California. Accordingly, removal is improper in this case, unless the Court determines that non-diverse defendants Hall

9

1   Ambulance and Tollison were fraudulently joined.

2   IV.   Removal based on Fraudulent Joinder.

3       The Texas Defendants removed this action and allege that Plaintiff fraudulently joined

4   California Defendants Hall Ambulance and Tollison to destroy diversity, citing a California state

5   case that holds that the trial court lacks jurisdiction to adjudicate an attorney lien and try the

6   underlying tort action in the same case.  (Doc. 1-1, 3:12-19; Doc. 12, 4:1-23).

7       Fraudulent joinder exists when a plaintiff has failed to state a claim against a non-diverse

8   defendant, and the failure is "obvious according to the well-settled rules of the state."  See United

9   Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002).  If a defendant has been

10  "fraudulently joined," that defendant's citizenship is ignored for purposes of determining diversity.

11  See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).   A "strong presumption"

12  exists against fraudulent joinder, and  all factual disputes and ambiguities in the controlling state law

13  must be resolved in favor of the non-moving party.  Gaus v. Miles, Inc 980 F.2d at 566; Dodson v.

14  Spiliada Maritime Corporation, 951 F. 2d at 42.  Remand is required unless there is absolutely no

15  possibility that the plaintiff will be able to establish a cause of action against the non-diverse

16  defendant in state court.  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir.

17  1995); Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000).

18      A.   Plaintiff has a viable negligence claim against the non-diverse defendants.

19      For the Texas Defendants to succeed in removing this action, it must be "obvious according

20  to the well-settled rules of the state" that Plaintiff has failed to state a claim against Defendants Hall

21  Ambulance and Tollison.  United Computer Sys., Inc., 298 F. 3d at 761.  In this case, Plaintiff has

22  alleged, among other things, that, on February 17, 2006,  Tollison, driving a Hall Ambulance,

23  collided with another vehicle and subsequently struck Plaintiff as he walked on the sidewalk.

24  (Doc. 1-1, Exh. A, Compl., 3:14-20).  Based upon these facts, Plaintiff alleges that the negligence of

25  Defendants Tollison and Hall Ambulance initially caused the collision with the other vehicle, which

26  ultimately resulted in the ambulance hitting Plaintiff.  Plaintiff contends that this negligence

27  proximately caused Plaintiff to (1) sustain severe injuries, pain, and suffering, (2) incur, and continue

28                                                        10

1   to incur, medical and related expenses, and (3) suffer a loss of earnings. (Doc. 1-1, Exh. A, 4:21-28;

2   5:1-7).

3        Plaintiff's allegations against Defendants Hall Ambulance and Tollison track the basic

4   elements of a negligence action under California law.  See Ladd v. County of San Mateo, 12 Cal. 4th

5   913, 917 (1996) (holding that the "elements of a cause of action for negligence are (a) a legal duty to

6   use due care, (b) a breach of such legal duty [and] (c) the breach as the proximate or legal cause of

7   the resulting injury")(citation omitted; brackets in original).  See also Cal. Code Civ. Pro.§ 452

8   (allegations of a pleading "must be liberally construed").

9        Plaintiff's complaint pleads all elements necessary to establish negligence: duty, breach,

10  causation, and damages.  Moreover, the removal notice and the opposition memorandum and

11  supporting declaration of Defendant Jamison claim that the Texas Defendants are entitled to 35% of

12  Plaintiff's recovery on the negligence claim, which is premised on the notion that Plaintiff has a

13  valid negligence claim.  Otherwise,  there would be nothing for the Texas Defendants to recover.

14  The Court finds that it is not "obvious according to the well-settled rules of the state" of California

15  that Plaintiff has failed to state a claim for negligence against upon which relief can be granted.

16  Accordingly, the Court finds that non-diverse defendants Hall Ambulance and Tollison were not

17  fraudulently joined.

18        B. Brown v. Superior Court.

19        The Texas Defendants ignore the Plaintiff's negligence claim against Defendants Hall

20  Ambulance and Tollison, and instead focus on Plaintiff's claims against the Texas Defendants.  In a

21  rather convoluted argument, the Texas Defendants contend that Hall Ambulance and Tollison were

22  fraudulently joined because California law prohibits a trial court from determining the validity of  an

23  attorney's retainer agreement in a client's underlying action. Brown v. Superior Court, 116 Cal. App.

24  4th 320, 329 (Cal.App.3d Dist. 2004).[4]

25

26        [4] Regardless of whether Brown strips the trial court of jurisdiction to decide Plaintiff's claims against the Texas
    Defendants, Brown is irrelevant to the fundamental question before the Court, i.e.,  whether Plaintiff has a claim for relief
27  against non-diverse defendants Hall Ambulance and Tollison.

28                                                    11

1    In <u>Brown</u>, a judgment creditor applied for an order that its debtor's right to funds under

2    another judgment be applied to satisfy its lien. The debtor's attorney objected to the order and, acting

3    on his own behalf,  asserted a senior attorney's contractual lien.  Citing <u>Carroll v. Interstate Brands</u>

4    <u>Corp.</u>, 99 Cal. App. 4th 1168, 121 Cal. Rptr. 2d 532 (2002) ("Appellate courts have consistently held

5    that the trial court in the underlying action had no jurisdiction to determine the existence or validity

6    of an attorney lien on the judgment" ), the appeals court held that because the attorney was not a

7    party to the client's underlying action and had no right to intervene in the action in order to enforce

8    his judgment lien, the trial court lacked jurisdiction to determine the validity of the attorney's lien  or

9    the attorney's right to enforce the lien.  <u>Brown</u>, 116 Cal. App. 4th at 332-333.  The Texas Defendants

10   contend that <u>Brown</u> strips the trial court in this case of  all jurisdiction to determine the validity of

11   the retainer agreement, as well as the related fraud and tortuous interference claims.

12         The Texas Defendants' reliance on <u>Brown</u> is misplaced. In explaining its ruling, the <u>Brown</u>

13   court stated: "The rule that the trial court in the underlying action lacks jurisdiction to affect an

14   attorney lien is based on the fundamental principle 'that one who is not a party to a proceeding may

15   not make a motion therein.'" <u>Brown v. Superior Court</u>, 116 Cal. App. 4th at 329, citing <u>Marshank v.</u>

16   <u>Superior Court</u>, 180 Cal.App.2d 602, 605, 4 Cal. Rptr. 593 (1960).  The purpose of the rule to

17   prohibit non-parties from thrusting themselves into another's controversy.  <u>Marshank</u>, 180 Cal. App.

18   2d at 605.  The instant case does not involve a non-party seeking to thrust himself into another's

19   controversy.  It presents the opposite situation:  a plaintiff-client who is a party to all claims and who

20   seeks to litigate his own claims in one action: (1) Plaintiff  is a party to the negligence claim that is

21   the subject of the retainer agreement; (2) Plaintiff  is a party to the retainer agreement on which the

22   rescission and reformation claims are based; (3) Plaintiff is an alleged victim of fraud related to the

23   execution of the retainer agreement; and (4) Plaintiff is a party to the alleged tortuous conduct on

24   which the intentional interference claim is based.  Thus, while it is correct that <u>Brown</u> held  that the

25   trial court lacked jurisdiction to adjudicate an attorney's lien in a client's underlying action, the

26   <u>Brown</u> court did so because the attorney (not the client) sought to enforce his attorney's lien in the

27   client's case.  The instant case presents the opposite scenario, i.e., the client (not the attorney) seeks

28   12

1   to void an attorney's lien and recover damages in the client's own case.

2       1. "Specific Present Interest" exception.

3       The Brown court also discussed an exception to its holding, which may apply in the instant

4   case.  As discussed in Brown, California Code of Civil Procedure § 387 allows any person who has

5   in interest in the matter in litigation, or the success of either of the parties, or an interest against both,

6   to intervene in the proceeding, except that :

7           "The right of an attorney to intervene for the purpose of settling a dispute
            between him and his client as to attorney's fees for services rendered in the
8           same action is limited to those actions when, by virtue of the contract of
            employment between the attorney and the client, the former is given a
9           specific present interest in the subject matter of the action, which interest
            might be jeopardized  by the client's discharge of his original attorney and
10          the employment of another to prosecute the action."

11  Brown v. Superior Court ,116 Cal. App. 4th at 330, citing Marshank v. Superior Court, 180 Cal.

12  App. 2d at 605.

13      If the "specific present interest" exception applies to the Texas Defendants' retainer

14  agreement, Brown would not prohibit the trial court from adjudicating the validity of the agreement.

15      Plaintiff's complaint alleges that the Texas Defendants fraudulently induced him to sign a

16  retainer agreement which did not comply with California law, that he subsequently discharged his

17  attorneys, and now seeks to void, rescind or reform the agreement.   The Texas Defendants concede

18  the existence of an executed retainer agreement and contend that it gives them the right to receive

19  35% "of the anticipated recovery on plaintiff's negligence claim." [Doc. 1-2, 2:20-23; 7:2-6

20  (Declaration of Bruce L. Jamison)].  The Court has not been provided a copy of the retainer

21  agreement or any declaration or pleading reciting the exact language of its terms.  Consequently, the

22  Court is unable to determine whether the agreement grants a specific present interest in the subject

23  matter of the action and thereby triggers the "specific present interest " exception discussed in

24  Brown.  The Court is obliged to resolve this unsettled issue in favor of Plaintiff as the non-removing

25  party, and thus finds that the Texas Defendants have failed to establish that specific present interest

26  exception does not apply.  See Dodson v. Spiliada Maritime Corporation,  951 F. 2d 40, 42. ("In

27  determining whether fraudulent joinder exists, all factual disputes and all ambiguities in the

28                                                    13

1    controlling state law must be resolved in favor of the non-removing party.").

2        C.  Contract and fraud claims.

3        The Texas Defendants also allege that fraudulent joinder exists because "plaintiff has no

4    possibility of recovering against Hall Ambulance and Tollison in his contractual claims against

5    Jamison, Hennesy, and HGB, as a matter of law."  (Doc. 12, 4:24-28;5:1-5).  In other words, they

6    allege that fraudulent joinder exists because Plaintiff cannot recover against the non-diverse

7    defendants (Hall Ambulance and Tollison) on his claims against the diverse defendants (Jamison,

8    Hennesy, and HGB).  Either the Texas Defendants have suffered an inadvertent pleading error, or

9    they misapprehend how diversity jurisdiction operates. The relevant question is whether Plaintiff has

10   any possibility of establishing a cause of action against the non-diverse defendants for which relief

11   can be granted, not whether Plaintiff can recover against the non-diverse defendants for claims he

12   has made against other defendants.  Defendants Hall Ambulance and Tollison are the non-diverse

13   defendants, and negligence is the only claim alleged against them.  The Texas Defendants'

14   contention that a fraudulent joinder exists because Plaintiff cannot recover against Defendants Hall

15   Ambulance and Tollison on claims he has made against the Texas Defendants, is without merit.

16       D.  Failure of proof regarding fraudulent joinder.

17       To prove fraudulent joinder, the Texas Defendants are required to demonstrate that there is

18   no possibility that Plaintiff will be able to establish a cause of action against the non-diverse

19   defendants in state court.  Based on the foregoing, the Court finds that Plaintiff has a colorable

20   negligence claim against Defendants Hall Ambulance and Tollison and a possibility of recovering

21   against them in state court.  Accordingly, the Court finds that the Texas Defendants have failed to

22   establish that Defendants Hall Ambulance and Tollison were fraudulently joined.

23   V. Procedural defects in removal procedure.

24       A. Defendants Hall Ambulance and Tollison did not consent to removal.

25       A motion for remand is an appropriate mechanism to challenge procedural defects in the

26   removal procedure. Here, Plaintiff and Defendants Hall Ambulance and Tollison contend that

27   removal is defective because Hall Ambulance and Tollison did not consent to removal.  The Texas

28                                              14

1   Defendants contend they were not required to obtain Hall Ambulance's and Tollison's consent

2   because they were  fraudulently joined. (Doc. 12, 3:10-11).

3          Removal law requires that all defendants must join in a defendant's request for removal, and

4   absent consent by all defendants, the matter may not be removed. 28 U.S.C. § 1446(a) and (b);

5   Hewitt v. City of Stanton, 798 F. 2d 1230, 1232-1333 (9th Cir. 1986).  However, a removing party is

6   not required to obtain the consent of any defendant who was fraudulently joined in the action. See

7   Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1.  As discussed above, the Court finds that

8   Defendants Hall Ambulance and Tollison were not fraudulently joined in this action.  Accordingly,

9   the Texas Defendants were required to obtain the consent of both Hall Ambulance and Tollison in

10  order to remove this action.  Based on the foregoing, the Court finds that the Texas Defendants failed

11  to join all proper defendants in the removal, and thus the removal notice is procedurally defective.

12  (Doc. 1-1).  In accordance with 28 U.S.C. § 1446(a), this action must be remanded.

13          B. Untimely Joinder and Memorandum of Points and Authorities in Support of Joinder.

14          The Texas Defendants contend that the objections to removal filed by Defendants Hall

15  Ambulance and Tollison were filed more than 30 days after the action was removed and, therefore,

16  were untimely and should be disregarded. (Doc. 12;3:2-15).

17          1.  Removal Period.

18          A defendant must file a notice of removal in federal court within 30 days after receiving the

19  first state-court pleading that sets forth a removable claim, provided that the facts supporting

20  removability are evident from the face of the pleading.  28 U.S.C. § 1446(b).  If , as in this case, the

21  ground for removal is not evident from the face of the complaint, the 30-day removal period does not

22  start running until the ground for removal becomes evident. When the ground for removal is

23  diversity, the notice of removal must be filed no later than one year after the action is filed,

24  regardless of whether diversity is evident from the complaint. Id..  In a multiple defendant case, the

25  Ninth Circuit courts instruct that the removal period for all defendants runs from the date the first

26  defendant is served with the complaint. See United Computer Systems , Inc. v. AT&T Corp., 298

27  F.3d 756, 762 (9th Cir. 2002).

28                                                    15

1    Here, the complaint was filed on September 14, 2006 and served on the first defendant on

2    either September 29, 2006 (the Texas Defendants) or October 2, 2006 (Defendant Hall Ambulance).[5]

3    (Doc. 1-1, Exh. A).  The notice of removal was timely filed on November 7, 2006.

4        2.  Remand Period.

5        Once a case has been removed to federal court, a party may move to remand the case to state

6    court.  A motion to remand based on a procedural defect must be made within 30 days after the

7    removal notice is filed in federal court. 28 U.S.C. § 1447(c).  In most instances, the 30-day deadline

8    to file a motion for remand runs from the date of filing, not the date of service or receipt. See Pavone

9    v. Mississippi River boat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995).

10       A defendant who is responsible for a delayed challenge may be estopped from challenging

11   its timeliness.  Roe v. Donohue,38 F.3d 298, 302 (7th Cir, 1994) (overruled in part on other grounds,

12   Murphy Bros., Inc. V. Micheti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322 (1999).

13   Defendants Hall Ambulance and Tollison appeared in the state-court action when they filed an

14   answer on November 1, 2006 and served a copy on the Texas Defendants the same day.  (Doc. 10-2).

15   On November 7, 2006,  the Texas Defendants filed the removal notice but failed to serve a copy on

16   Defendants Hall Ambulance and Tollison. [Doc. 10-2, 6:9-17 (Declaration of Jennifer L. Kienle).]

17   Hall Ambulance and Tollison did not receive a copy of the removal notice until November 27, 2006.

18   [Doc. 10-2, 6:18-20 (Declaration of Jennifer L. Kienle].  The Court concludes that even if Hall

19   Ambulance's and Tollison's joinder and supporting memorandum were late, the Texas Defendants

20   are estopped from challenging the untimeliness of such pleadings because the Texas Defendants

21   failed to timely serve a copy of the removal notice.

22   ///

23

24       [5] Defendants Hall Ambulance and Tollison contend that the Texas Defendants were served on September 29,
     2006. [Doc. 10-2, 6:7-8 (Declaration of Jennifer L. Kiehle, ¶ 10)]. The Texas Defendants contend that service upon them
25   "was  completed" on October 9, 2006.  [Doc. 1-2, 2: 3-6; attached Declaration of Edward J. Hennesy, 2:1-4, ¶ 3);
     attached Declaration of Bruce Jamison, 1:25-26. 2: 1)].  There is no dispute that Defendants Hall Ambulance and
26   Tollison were served on October 2 and 3, 2006, respectively, and that neither of them joined in the removal. [Doc. 10-2
     (Declaration of Jennifer L. Kienle, 6:5-6, ¶ 8-9)].
27

28                                                        16

1    Based on the foregoing, the Court denies the Texas Defendants' request to disregard

2    Defendants Hall Ambulance's and Tollison's joinder and supporting memorandum.

3    VI. <u>Request for Attorney's Fees and Costs</u>.

4    Plaintiff has requested the Court award him his reasonable attorney's fees and costs, and has

5    submitted his counsel's declaration stating that he has expended seven hours at the rate of $250 per

6    hour researching and drafting the motion for remand and related documents.   [Doc. 4, 4:15-20; Doc.

7    9, 2:13-18 (Declaration of Brian A. Osborne)].

8    When granting a motion to remand, the Court may award "just costs and any actual expenses,

9    including attorney's fees incurred as a result of the removal." 28 U.S.C. § 1447(c).  The decision to

10   award fees is a discretionary one, and is appropriate when the removing party has no objectively

11   reasonable basis for removal.  <u>Martin Franklin Capital Corp</u>. 546 U.S. 132, 126 S. Ct 704, 712

12   (2005).

13   The Court has considered whether the Texas Defendants had an objectively reasonable basis

14   for removing this case.  The complaint did not establish diversity removability because it did not set

15   forth either the citizenship of the parties or the amount in  controversy.   The Texas Defendants

16   concede that Defendants Hall Ambulance and Tollison are citizens of the forum state of California

17   and acknowledge that neither of these non-diverse defendants consented to remove the case.  To

18   defeat these obvious substantive and procedural defects, the Texas Defendants ignored the

19   fundamental issue of whether  Plaintiff had any possibility of stating a claim for which relief could

20   be granted against the two non-diverse California defendants.  Instead, the Texas Defendants focused

21   entirely on Plaintiff's claims against them, and relied on a readily distinguishable case to assert

22   fraudulent joinder.

23   Based on the foregoing, the Court finds that the Texas Defendants  lacked any objectively

24   reasonable basis for removing this case, and will recommend that they be ordered to pay Plaintiff's

25   attorney's fees of $1, 750.00.  The Court also finds that such attorney's fees are reasonable and were

26   incurred as a result of the removal.

27   ///

28                                        17

1

<u>RECOMMENDATIONS</u>

2

Based on the foregoing,  IT IS RECOMMENDED that:

3

1. Plaintiff's Motion for Remand, joined by Defendants Hall Ambulance and Tollison, be

4

GRANTED pursuant to 28 U.S.C. 1447(c); and

5

2. Defendants Tollison, Hennessy, and Hennesy, Gardner and Barth, jointly and severally, be

6

ORDERED TO PAY to Plaintiff the sum of $1, 750.00 for Plaintiff's reasonable attorney's fees

7

incurred as a result of the removal of this action, to be paid within twenty (20) days from the date of

8

service of the Court's order.

9

These Findings and Recommendations are submitted to the United States District Court

10

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304

11

of the Local Rules of Practice for the United States District Court, Eastern District of California.

12

Within ten (10) court days after being served with a copy, any party may file written objections with

13

the court and serve a copy on all parties. Such a document should be captioned "Objections to

14

Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and

15

filed within ten (10) court days after service of the objections.  The Court will then review the

16

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure

17

to file objections within the specified time may waive the right to appeal the District Court's order.

18

<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19

20

IT IS SO ORDERED.

21

Dated:   **February 9, 2007**                                    _____/s/ Theresa A. Goldner_____
**j6eb3d**                                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28